# BISSELL v. FOTTINGER.

---

PATENTS; INTERFERENCE; PRIORITY; REDUCTION TO PRACTICE; FOREIGN APPLICATION; AMENDMENT.

1. The senior party's evidence of reduction to practice of his model held insufficient in an interference proceeding.
2. The date of filing an amended application for a patent in a foreign country, having requisite treaty relations with this country, which amendment clearly describes the invention of the issue and has been

embodied in the patent as issued in that country, may, in interference, be taken as the date of constructive reduction to practice, when followed by timely application here, under sec. 4887, U. S. Rev. Stat. Comp. Stat. 1913, § 9431, which provides that an application filed in this country by any person who has previously regularly filed an application for a patent for the same invention in a foreign country which, by treaty, affords similar privilege to citizens of the United States, shall have the same force and effect as if filed on the date on which the foreign application was first filed, provided the application here is filed within twelve months from the earliest date on which any such foreign application was filed.

No. 918.    Patent Appeal.    Submitted November 10, 1914.    Decided January 4, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The COURT in the opinion stated the facts as follows:

Joseph E. Bissell, appellant, filed a reissue application on September 23, 1907, on a patent dated September 18, 1906, the application for which was filed March 21, 1906. Hermann Fottinger filed June 19, 1906.

The invention is a power-transmitting machine in which liquid is employed as a transmitting medium. The invention is in twenty-two counts, of which the following are sufficient to represent the invention:

"1. An apparatus for transmitting or transforming power, having a turbine adapted to transmit energy to a fluid, and a turbine capable of receiving power from an energized fluid, the two turbines both having curved passages and arranged with respect to each other in such a manner that they comprise the whole circuit in which the said fluid circulates."

"5. An apparatus of the transmission of power between adjacent shafts, comprising a primary turbine wheel mounted on the driving shaft and adapted to transmit energy to a fluid, and a secondary turbine wheel on the driven shaft and capable of receiving power from said energized fluid, the passage of

both of the said wheels being curved and merging into each other to form a circuit in which the said fluid circulates."

"13. In a hydraulic power transmitting apparatus, the combination with a centrifugally acting rotatable driving member, of a driven member adapted to rotate independently of said driving member, a casing inclosing said members and adapted to contain a liquid, a plurality of passages in said driving member and running in a direction which has a radial component, and a plurality of passages in said driven member, the passages of said driving member being adapted to direct liquid to the passages of said driven member, whereby the same is actuated."

"19. In a hydraulic power transmitting apparatus, the combination with a rotatable driving member, of a driven member, adapted to rotate independently of said driving member, a water-tight casing inclosing said members and adapted to contain a liquid, a plurality of radially located buckets on said driving member, a plurality of buckets on said driven member, the buckets of said driving member being adapted to direct liquid in a direction which has a radial component to the buckets of said driven member."

"22. The combination with a closed casing containing a confined volume of liquid, of a shaft rotatably mounted therein, a centrifugal pump impeller fixedly secured to said shaft, and a turbine wheel located in said casing, said impeller being adapted to direct liquid to said turbine wheel, whereby the same is actuated."

*Mr. Helge Murray* and *Mr. Sigmund Herzog* for the appellant.

*Mr. Clair W. Fairbank* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Bissell testified to the construction of a model early in 1902. This model was thrown into the scrap heap. On his testi-

mony the Examiner of Interference decided that Bissell's evidence of reduction to practice of the model was insufficient, and the other tribunals have agreed with him. We concur in this conclusion.

The chief controversy turns on the effect of Fottinger's application for a patent in Germany. Germany is one of the countries embraced in the treaties concerning patent applications. Section 4887, Revised Statutes, Comp. Stat. 1913, § 9431, reads as follows:

"An application for patent for an invention or discovery or for a design filed in this country by any person who has previously regularly filed an application for a patent for the same invention, discovery, or design in a foreign country which, by treaty, convention, or law affords similar privileges to citizens of the United States, shall have the same force and effect as the same application would have if filed in this country on the date on which the application for patent for the same invention, discovery, or design was first filed in such foreign country, provided the application in this country is filed within twelve months in cases within the provisions of section forty-eight hundred and eighty-six of the Revised Statutes and within four months in cases of designs, from the earliest date on which any such foreign application was filed. But no patent shall be granted on an application for patent for an invention or discovery or a design which had been patented or described in a printed publication in this or any foreign country more than two years before the date of the actual filing of the application in this country, or which had been in public use or on sale in this country, for more than two years prior to such filing."

Fottinger filed an application in the German patent office June 18, 1905, which was less than a year from the time of filing his application in the United States Patent Office. No drawings of the invention were filed with this application, but it described the invention.

On October 28, 1905, an amended application was filed accompanied with drawings, which is conceded to be a complete

description of the invention of the issue. This amendment is not a departure from the original application, and the question is whether it may be taken as a constructive reduction to practice of the invention from the date of filing, having been followed by the necessary application within one year from the filing of the original application. The contention of Bissell is upon a strict construction of section 4887, Revised Statutes, limiting the effect of that law to the application as first filed. His contention is that the application was wholly insufficient to show the invention.

The Examiner of Interferences said in his decision that since the amendment clearly discloses the issue, and has been embodied in the patent as issued in Germany, there seems to be no reason why Fottinger should not be given the benefit of the date of his amendment, that is, October 28, 1905, as the date of his constructive reduction to practice. This conclusion was adopted by the Examiners in Chief and the Commissioner of Patents on appeal to them respectively.

In the United States Patent Office an amendment specifically describing an invention disclosed in the original application would be allowed and would relate back to the date of filing the original.

We concur with the Patent Office tribunals that the construction of section 4887 contended for by Bissell is erroneous. The amendment clearly describes the invention of the issue, and has been embodied in the patent as issued in Germany, and we see no reason why Fottinger should not be given the benefit of the date of his amendment, that is, October 28, 1905, as the date of his constructive reduction to practice.

The decision is affirmed, and the clerk will certify this decision to the Commissioner of Patents as required by law.

*Affirmed.*